AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of New York

| | |
|---|---|
| TARA PERRY ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No. 10cv4678 (KAM) (VVP) |
| CITY OF NEW YORK, ET AL. ) | |
| *Defendant* ) | |

SECOND AMENDED
**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)* City of New York, 100 Church Street, New York, New York 10007

P.O. Manuel Velasquez; P.O. Nicholas Kester; P.O. Carmelo Melendez
75th Precinct, 1000 Sutter Avenue, Brooklyn, New York

P.O. Colleen Price, Patrol Bureau Brooklyn North, 179 Wilson Ave, Brooklyn, NY

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: Jon L. Norinsberg
225 Broadway, Suite 2700
New York, New York 10007

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____       _____
                                              *Signature of Clerk or Deputy Clerk*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
TARA PERRY,

                             Plaintiff,

                            -against-

THE CITY OF NEW YORK, P.O. MANUEL VELASQUEZ, Shield No. 24223, P.O. NICHOLAS KESTER, Shield No. 17445, P.O COLLEEN PRICE, Shield No. 1450, P.O. CARMELO MELENDEZ, Shield No. 1530 and P.O.'s "JOHN DOE" #1-10, Individually and in their Official Capacity (the name John Doe being fictitious, as the true names are presently unknown)

                             Defendants.

------------------------------------------------------------------X

**SECOND AMENDED COMPLAINT**

**10CV04678 (KAM) (VVP)**

**JURY TRIAL DEMANDED**

**ECF CASE**

Plaintiff TARA PERRY, by her attorney, JON L. NORINSBERG, complaining of the defendants, respectfully alleges as follows:

**PRELIMINARY STATEMENT**

1.    Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988 for violations of her civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

**JURISDICTION**

2.    This action is brought pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3.    Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Eastern District of New York under U.S.C. §1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff TARA PERRY is an African-American female and at all relevant times a resident of the City and State of New York.

7. Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant, THE CITY OF NEW YORK, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, The City of New York.

9. That at all times hereinafter mentioned, the individually named defendants, P.O.'s MANUEL VELASQUEZ, NICHOLAS KESTER, COLLEEN PRICE, CARMELO MELENDEZ and P.O.s "JOHN DOE" #1-10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the

official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

## **FACTS**

13. On or about July 18, 2010 at approximately 10:00 a.m., plaintiff TARA PERRY was visiting her sister at 710 Dumont Ave. in Kings County, State of New York.

14. During her visit, a neighbor attacked plaintiff's sister and police were called to the scene.

15. Plaintiff then escorted her sister out of the building to speak to the responding officers.

16. As plaintiff approached the police officers waiting outside, the aforementioned neighbor ran towards plaintiff and punched her in the face.

17. Defendant officers immediately pushed plaintiff to the ground, handcuffed her arms behind her back, and threw her in the back of their car with such force that plaintiff's leg broke as it smashed against the partition separating the back seat from the front.

18. As a result of the foregoing, plaintiff TARA PERRY sustained, *inter alia*, permanent and severe injuries including a fractured tibial plateau which, required multiple

surgical reconstructions, loss of income, mental anguish, humiliation, embarrassment, and the loss of movement and freedom associated with requiring care from a personal attendant.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. § 1983

19. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "18" with the same force and effect as if fully set forth herein.

20. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

21. All of the aforementioned acts deprived plaintiff TARA PERRY of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

22. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

23. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

24. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## EXCESSIVE FORCE UNDER 42 U.S.C. § 1983

25. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "24" with the same force and effect as if fully set forth herein.

26. The level of force employed by defendants was objectively unreasonable and in violation of the constitutional rights of the plaintiff.

27. As a result of the foregoing, plaintiff TARA PERRY sustained, *inter alia*, severe bodily injuries including, but not limited to, a fractured tibia requiring surgical intervention.

## THIRD CLAIM FOR RELIEF
## FAILURE TO INTERCEDE UNDER 42 U.S.C. § 1983

28. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "27" with the same force and effect as if fully set forth herein.

29. The defendants had an affirmative duty to intercede when plaintiff's constitutional rights were being violated in defendants' presence by the use of excessive force.

30. Defendants further violated plaintiff's constitutional rights when they failed to intercede and prevent the violation or further violation of plaintiff's constitutional rights and the injuries or further injuries caused as a result of said failure.

31. As a result of the defendants' failure to intercede when plaintiff's constitutional rights were being violated in defendants' presence, plaintiff sustained, *inter alia*, physical and emotional injuries.

## FOURTH CLAIM FOR RELIEF
## MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

32. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "31" with the same force and effect as if fully set forth herein.

33. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

34. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department included, but were not limited to,

    i.    utilizing excessive force in executing arrests, and

    ii.    falsifying evidence to cover up police misconduct.

35. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff.

36. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

37. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff as alleged herein.

38. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff TARA PERRY was subjected to unlawful and excessive force resulting in severe injuries.

39. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff's constitutional rights.

40. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff TARA PERRY's constitutional rights.

41. The acts complained of deprived plaintiff of her rights:

    A.    Not to be deprived of liberty without due process of law;
    B.    Not to have excessive force imposed upon her;
    C.    Not to have summary punishment imposed upon her; and
    D.    To receive equal protection under the law

## PENDANT STATE CLAIMS

42. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "41" with the same force and effect as if fully set forth herein.

43. On or about August 27, 2010, and within (90) days after the claim herein accrued, the plaintiff duly served upon, presented to and filed with defendant THE CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law § 50 (e).

44. Defendant THE CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

45. Defendant THE CITY OF NEW YORK has demanded a hearing pursuant to General Municipal Law § 50-h, and this hearing was held on March 9, 2011.

46. This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

47. Plaintiff has complied with all conditions precedent to maintaining the instant action.

48. This action falls within one or more of the exceptions as outlined in C.P.L.R. § 1602.

### FIRST CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### ASSAULT

49. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "48" with the same force and effect as if fully set forth herein.

50. Defendants' aforementioned actions placed plaintiff in apprehension of imminent harmful and offensive bodily contact.

51. As a result of defendants' conduct, plaintiff has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

### SECOND CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### BATTERY

52. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "51" with the same force and effect as if fully set forth herein.

53. Defendant police officers touched plaintiff TARA PERRY in a harmful and offensive manner.

54. Defendant police officers did so without privilege or consent from plaintiff.

55. As a result of defendants' conduct, plaintiff has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment and humiliation.

### THIRD CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

56. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "55" with the same force and effect as if fully set forth herein.

57. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

58. The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

59. The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

60. The aforementioned conduct was intentional and done for the sole purpose of causing severe emotional distress to plaintiff.

61. As a result of the aforementioned conduct, plaintiff suffered severe emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

## FOURTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## NEGLIGENT HIRING/TRAINING/SUPERVISION/RETENTION

62. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "61" with the same force and effect as if fully set forth herein.

63. Defendant CITY OF NEW YORK selected, hired, trained, retained, assigned and supervised all members of its Police Department, including the defendants individually named above.

64. Defendant CITY OF NEW YORK was negligent and careless when it selected, hired, trained, retained, assigned, and supervised all members of its Police Department including the defendants individually named above.

65. Due to the negligence of the defendants as set forth above, plaintiff suffered physical and mental injury, pain and trauma, together with embarrassment, humiliation shock, fright, and loss of freedom.

66. By reason of the aforesaid conduct by defendants, plaintiff TARA PERRY requests the following relief:

A. Compensatory damages in the amount of one million dollars ($1,000,000);

B. Punitive damages in the amount of one million dollars ($1,000,000);

C. An award of reasonable attorney's fees pursuant to 42 U.S.C. § 1988, as well as costs and disbursements; and

D. Any further relief as the Court may find just and proper.

**WHEREFORE**, plaintiff TARA PERRY demands judgment in the sum of one million dollars ($1,000,000.00) in compensatory damages, one million dollars ($1,000,000.00) in punitive damages, plus attorney's fees, costs, and disbursements of this action.

Dated: New York, New York
November 2, 2011

BY: _____
JON L. NORINSBERG (norinsberg@aol.com)
Attorneys for Plaintiff
225 Broadway, Suite 2700
New York, N.Y. 10007
(212) 791-5396